## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9450 | **DATE** | 2/13/2003 |
| **CASE TITLE** | Automotive Finance Corp. Vs. RVR Used Cars, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Credit Acceptance Corporation's motion to compel arbitration and stay proceedings is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | FEB 18 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 58 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 FEB 14 AM 10:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUTOMOTIVE FINANCE CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 01 C 9450 |
| RVR USED CARS, INC., et al., | ) ) ) | |
| Defendants. | ) | |
| CREDIT ACCEPTANCE CORPORATION, Counterclaim and Cross-Claim Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| RVR USED CARS, INC., et al., Counterclaim and Cross-Claim Defendants. | ) ) ) | |
| BANK OF WAUKEGAN, Counterclaim and Cross-Claim Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| CREDIT ACCEPTANCE CORPORATION, et al., Counterclaim and Cross-Claim Defendants. | ) ) ) ) | |

DOCKETED
FEB 1 8 2003

## MEMORANDUM OPINION AND ORDER

An automobile dealership fell on evil times, and various creditors seek to be first in line. Bank of Waukegan (BOW) is one of the creditors. Another of the creditors, Credit Acceptance Corporation (CAC), had a servicing agreement with the dealership, RVR Used Cars, Inc. That agreement has a broad arbitration clause providing for the arbitration of any dispute relating



to the agreement or the relationship between CAC and RVR. In the welter of claims, counterclaims and cross-claims, BOW, on April 2, 2002, sought from CAC and a third creditor a declaratory judgment that its security interest had first priority, including a claim in count III that CAC knew RVR had assigned its rights under the servicing agreement to BOW and did not advise BOW that it was going to apply collections under the servicing agreement to pay RVR's floor plan obligations to CAC. BOW claims that estoppel and waiver preclude CAC from applying those collections to the floor plan obligations.

On November 26, 2002, BOW added a claim, this one alleging that CAC was in breach of the servicing agreement by various failures to collect amounts due on installment contracts and that it stood in the shoes of CAC in seeking damages for those breaches. CAC then advised BOW that it would seek arbitration of that claim and it shortly thereafter filed a motion to that effect and also to stay proceedings on the other BOW claims, pending arbitration. BOW does not contend that the breach claims are, on their face, not arbitrable, nor does it contest that if any of the claims go to arbitration then proceedings on the others must be stayed. Rather, it contends that CAC waived any right to seek arbitration by waiting too long after it first advanced claims in February.

A party can waive a right to arbitration because of excessive delay. Perhaps CAC had, originally, a right to arbitrate count III, although it appears that BOW is resting not so much on any rights accorded it under the servicing agreement but, rather, on a failure to advise BOW that it could not expect to receive funds, thus causing it to advance additional funds. Perhaps there was a right to arbitrate count IV, although the thrust there is that CAC did not have rights under the servicing agreements it now claims. But CAC does not seek to arbitrate

those claims. It seeks to arbitrate a different and clearly arbitrable claim with different rights and remedies, in which BOW alleges that it can prosecute RVR's right to enforce the servicing agreement against the other signatory and collect damages. And CAC sought arbitration and the stay shortly after BOW first made the claim. CAC has not waived its right to have the claim arbitrated. The motion is granted.

                                                                JAMES B. MORAN
                                                     Senior Judge, U. S. District Court

Feb. 13, 2003.